## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**NEUROCARE INSTITUTE OF**
**CENTRAL FLORIDA, P.A.,**

    **Plaintiff,**

**v.**                                                                   **Case No:   6:13-cv-896-Orl-31DAB**

**WAGNER WELLNESS INC., ROBERT**
**WAGNER, APRIL WAGNER, ROBERT**
**REMLER, PATRICIA FREDETTE-**
**HUFFMAN and COASTAL FAMILY**
**PRACTICE, LLC,**

    **Defendants.**

## ORDER

This matter is before the Court on Defendant Patricia Fredette-Huffman M.D. ("Fredette-Huffman") and Coastal Family Practice, LLC's ("Coastal") (cumulatively the "Fredette-Huffman Defendants") Motion to Dismiss the Second Amended Complaint (Doc. 55) ("Motion"), the Plaintiff's response in opposition (Doc. 59) ("Response"), and the Defendants' reply in support of the Motion (Doc. 63) ("Reply").

Between July 31 and September 5, 2012, Plaintiff allegedly received five unsolicited facsimile ("fax") advertisements in violation of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). The faxes advertised various "Health and Wellness Seminars" sponsored by Robert and April Wagner and their related entities. While the original complaint said little about the Fredette-Huffman Defendants' relationship to these faxes, the Second Amended Class Action Complaint now includes additional information about these Defendants' relationship to each other and their purported role in the faxed advertisements.

### I.  Standard

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950-1951 (2009).

### II. Analysis

The Second Amended Complaint alleges that Fredette-Huffman is the managing member and registered agent for Coastal. (Doc. 52 ¶ 14). It further alleges that "some or all of the Defendants would attempt to 'recruit' Plaintiff to be a distributor of [Wellness International Network, Ltd.] products." (*Id.* ¶ 24). And it alleges that Fredette-Huffman "actively participated in transmitting the subject faxes." (*Id.* ¶ 32).

The Fredette-Huffman Defendants argue that the Second Amended Class Action Complaint does not sufficiently allege their role in this purported TCPA violations. However, the allegations are sufficiently clear that the faxes were sent either by or on behalf of Fredette-Huffman.[1] As to Coastal, the allegations are less clear, however, they can be viewed as asserting that Fredette-Huffman's action of sending the faxes was undertaken for Coastal. Accordingly, the Plaintiff has sufficiently pled a TCPA violation against the Fredette-Huffman Defendants. 47 U.S.C. § 227 (b)(1)(C).

It is therefore,

**ORDERED** that the Defendant's Motion to Dismiss (Doc. 55) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 13, 2014.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[1] Defendants' argument on reply that only "users" of fax machines in TCPA cases are liable for an unauthorized fax transmission rather than "senders" and therefore Plaintiff has not pled a claim is unavailing. (Doc. 63). The allegations plainly assert that Fredette-Huffman actually transmitted the faxes. (Doc. 52 ¶ 32). While the Court makes no ruling on whether TCPA liability lies only with a fax "sender" or "user" the Plaintiff has plead sufficient facts under either standard.

Copies furnished to:

Counsel of Record
Unrepresented Party